Clerk-Of-Courts
Office of the Clerk
Eastern District of Penna.
U.S. Courthouse
Independence Mall West
601 Market Street
Phila., Penna. 19106-1797

January 5, 2024

Dear Clerk,

    Enclosed please find a copy of my pro-se "Emergency Petition For Writ Of Habeas Corpus Ad Subjiciendum 28 U.S.C. § 2241", and my In Forma Pauperis paperwork.
    Be advised that this Petition contain's "due process" violation's, "bad faith prosecution" and "blatant Malfeasance" — therefore I could not wait on proper forms.
    Please file same and immediately turn over to Judge for disposition. Thank you.

                                    Sincerely,
                                    Warren H. Raffensberger
cc: enclosures               95-0966
    WHR/file             625 East King Street
                            Lancaster, Pa. 17602

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WARREN HARDING RAFFENSBERGER
Petitioner, pro-se

-vs-                                    No: _____

CHERYL STEBERGER
Respondent

EMERGENCY PETITION FOR
WRIT OF HABEAS CORPUS
AD SUBJICIENDUM
28 U.S.C. § 2241

AND NOW, this 5th day of January 2024 comes the petitioner Warren Harding Raffensberger pro-se and bring this Emergency Petition For Writ of Habeas Corpus Ad Subjiciendum, in authority to Commonwealth ex rel. Levine v. Fair, 394 Pa. 262, 146 A.2d 834, 845, (1958) (quoting trial court opinion with approval). "Indeed, there is no locked door which may not be opened by the key of Habeas Corpus..... there is no enclouser which may not be entered by the person bearing this writ, the great writ of liberty". Id. at 846. Under statute, Habeas Corpus is a civil remedy which lies solely

for commitments under criminal process as herein this instant writ

## FIRST
## FACT OF WRIT

Petitioner avers that on June 15, 2023 after a hearing before Judge Jeffrey A. Conrad, that Assistant District Attorney Anthony Gilbert, esquire – through two (2) Public Defenders offered Petitioner a plea deal of "a day less than a year". Petitioner avers that he accepted said deal.

Petitioner avers that on October 5, 2023 Public Defender Benjamin Cassel, esquire, came to the Lancaster County Prison to inform petitioner that the District Attorney had "revoked" the plea deal of June 15, 2023 and was offering petitioner five (5) to ten (10) years. Petitioner further avers that Judge Jeffrey A. Conrad went on the Court record on October 6, 2023 and stated that he was lead to believe that a plea deal was in place – being that of "a day less than a year".

-2-

## REQUESTED RELIEF

DISMISSAL OF CHARGES BASED UPON THE ASSISTANT DISTRICT ATTORNEY'S OFFER MADE AND ACCEPTED.

Because a pledge of Public Faith which both Fundamental Fairness and detrimental reliance require that "ANY" agreement "BIND" the prosecution. The trial Court agreed, stating—"This Court Finds that Fundamental Fairness and Public Confidence in government official's and their agents require that the prosecution be "HELD" to the "TERMS" of any promises which were made to obtain the performance on the part of the defendant". Trial court opinion at pg. 1, Commonwealth v. Scuilli, 621 A.2d 620, 423 Pa. Super. 453 (Pa. Super. Ct. 1993).

There are cases in this Commonwealth where a prosecutor and a defendant enter a plea agreement that was later found to be illegal. And the Supreme Court stated that there is an affirmative duty on the part of the prosecutor to "HONOR" any and all promises

-3-

made to a defendant in exchange for the defendant's plea. Commonwealth v. Zuber, 466 Pa. 453, 353 A.2d 441 (1976). Our Courts have demanded "Strict Compliance" with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a plea or fraudulently induced to give up a very valued Constitutional guarantee attendant the right to trial by jury. Id. at 458-459, 353 A.2d at 444.

Notably, when the Assistant District Attorney offered the plea deal, he "ABSOLUTELY" intended to remove "FOR ALL TIME" the possibility of prosecution, because, "the ability to take the fifth amendment is also for all time removed". Commonwealth v. Cosby, Supreme Court of Penna. 252 A.3d 1092 (Pa. 2021).

"When a plea rests in any significant degree or form on a promise or agreement by the prosecutor, so that it can be said to be part of the inducement or consideration, such promise "MUST" be fulfilled". Id at 268, 92 S.Ct. 495 (emphasis added)

-4-

This Court must follow suit with regard to prosecutorial inducements made during the plea process, insisting that such inducements comport with the "Due Process" guarantees of fundamental fairness. Commonwealth v. Zuber, 466 Pa. 453, 353 A.2d 441 (1976). Because defendant, inter alia, had reasonably relied upon the advice of two (2) Public Defenders on June 15, 2023 and the expression of the specific promise by the assistant District Attorney. Id. at 445, he is entitled to the benefit of the bargain. And an injustice would result if the assurance that induced the action was not enforced. Crouse v. Cyclops Indus., 560 Pa. 394, 745 A.2d 606, 610 (2000).

The Fourteenth Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution mandate that "ALL" interactions between the government and the individual are conducted in accordance with the protection of due process. Commonwealth v. Sims, 591 Pa. 506, 919 A.2d 931, 941 n.6 (2007). (noting that Federal and State due process principles generally are understood as operating co-extensively.

-5-

Commonwealth v. Mebane, 58 A.3d 1243 (Pa. Super. 2012), Upholding trial Courts ruling that fundamental fairness required enforcement of the prosecutor's "PLEA OFFER" that was later withdrawn, where the defendant detrimentally relied upon the offered plea offer. Commonwealth v. McSorley, 335 Pa. Super. 522, 485 A.2d 15, 20 (1984), aff'd, 509 Pa. 621, 506 A.2d 895 (1986)

## SECOND
## FACT OF WRIT

Petitioner avers that on or about December 12, 2023 he became aware that Judge Jeffery A. Conrad attached one Assistant District Attorney Andrew J. Gonzalez, esquire to his criminal case.

Petitioner avers that about 2004 Andrew J. Gonzalez, pursuant to case No: CR-2844-2002 sent two (2) county detectives from the District Attorney's office to "STEAL" a letter, at S.C.I. Smithfield, Huntingdon County, from your petitioner by illegal search, intimidation, interrogation and threats, that petitioner's attorney John A. Kenneff, esquire had given him in

-6-

concern of the case of Commonwealth v. Lisa Michell Lambert, a juvenile woman that was wrongly convicted by assistant District Attorney Andrew J. Gonzalez's Office. When Petitioner refused to furnish said letter to the County Detectives, Petititioner was told by Detectives that the District Attorney's Office would bury him in prison if he ever came before them again.

### REQUESTED RELIEF

DISMISSAL OF CHARGES DUE TO BAD FAITH PROSECUTION AND/OR RECUSAL OF LANCASTER DISTRICT ATTORNEY'S OFFICE

Clearly "BAD FAITH PROSECUTION" has reared its head in the Lancaster County District Attorney's Office pursuant to Petitioner and his criminal case beginning with the offered and accepted plea deal of June 15, 2023 of "a day less than a year" was revoked being done in bad faith and vindictiveness on the part of the District Attorney's

-7-

office, and a greater offer of five (5) to Ten (10) years offered.

Being that a prosecution is barred when an actual conflict of intrest affecting a case exists; under the circumstances as herein, petitioner need not prove actual prejudice, as clearly exists here, in order to require that the conflict be removed. Commonwealth v. Orie, 88 A.3d 983, 1021 (Pa. Super. 2014) (quoting Commonwealth v. Eskridge, 529 Pa. 387, 604 A.2d 700, 702 (1992).

When Judge Jeffrey A. Conrad joined Andrew J. Gonzalez, esquire to petitioner's criminal case, though innocent, Judge Conrad gave Gonzalez the O.K. to do whatever he pleases. Therein all acts and actions of Andrew J. Gonzalez and the District Attorney's Office became an (exception of the general rule) making nothing argued in Court by that office orally or in brief believeable or sufficient for judgement against petitioner, as it would be a vengful lie. Trinsey v. Pagliaro, 299 F. Supp. 647 (E.d. Pa. 1964)

## THIRD
## FACT OF WRIT

Petitioner avers that on December 12, 2023 when Judge Jeffrey A. Conrad "BIANTANTLY" joined Andrew J. Gonzalez, esquire to petitioner's criminal case, Judge Conrad entered into a illegal act and action with the Lancaster County District Attorney's Office to violate petitioner's rights and the laws of this Commonwealth and the United States, as Judge Conrad is fully aware of the Assistant District Attorney and his office's vendette against petitioner, allowing their office to proceed illegally against petitioner. As Judge Conrad is aware (by the record) of the revenge motive of the District Attorney's office.

### REQUESTED RELIEF

DISMISSAL OF CHARGES DUE TO MALFEASANCE AND GROSS ABUSE OF DISCRETION OR THE RECUSAL OF JUDGE CONRAD

Hereinto Judge Jeffrey A. Conrad

-9-

entered into an illegal agreement with the Lancaster District Attorney's Office against petitioner due to the case of the Commonwealth v. Lisa Michell Lambert. In entering into such an agreement Judge Conrad committed "Malfeasance", and grossly abused his discretion by his personal motivations, caprice, and prejudice against the petitioner, as well as his aforegoing arbitrary actions, causing his judgements to be manifestly unreasonable and his not applying law properly, where the record clearly shows that Judge Conrad's Orders, acts and actions are partiality, prejudice, bias and of ill will toward the petitioner. Commonwealth v. Widmer, 560 Pa. 308 744 A.2d 745 (2000). SEE ALSO: Commonwealth v. King, 839 A.2d 237, 576 Pa. 318 (Pa. 2003).

    Petitioner avers that it is clear that Judge Conrad's Order's, acts and actions toward petitioner show that he failed to properly apply the law numerous times, therefore abusing his discretion and committing blantant Malfeasance in every pre-trial Order and act and action of this case. Pursuant to the Code of

-10-

Judicial Conduct Cannon 3 (c)(1) (providing that "[A] judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned." Beilly v. Southeastern Pa. Transp. Auth., 507 Pa. 204, 489 A.2d 1291, 1300 (1985). And it is sua sponte in the "Intrest's Of Justice" that Judge Conrad at least be removed from the case.

Respectfully submitted

*[signature]*

Warren Harding Raffensberger
95-0966
Lancaster County Prison
Drawer-C
625 East King Street
Lancaster, Pa. 17602

Name: Warren H. Raffensberger
ID#: 95-0966

Lancaster County Prison
Drawer C, 625 E. King St.
Lancaster, PA 17602-3199

Hasler
01/09/2024
US POSTAGE $001.83⁰
FIRST-CLASS MAIL

ZIP 17603
011D12604315


RECEIVED JAN 11 2024

Office of The Clerk
U.S. District Court
Eastern District of Penna.
U.S. Courthouse
Independence Mall West
601 Market Street
Phila., Penna. 19106-1797

U.S.M.S. X-RAY